## Wytheville,

### BATCHELDER AND OTHERS V. RANDOLPH.

#### June 8, 1911.

1. MORTGAGES—*Absolute Deed—Parol Evidence—Case in Judgment.*—A deed absolute on its face may be shown by oral evidence to have been intended as a mortgage; and such evidence is not restricted to cases of fraud, accident or mistake. The presumption, however, is that a deed absolute on its face is what it purports to be, and the oral evidence offered to show that it is a mortgage must be clear and convincing. Whether it is to be regarded as a mortgage depends upon the circumstances under which it was made, and the relations and negotiations ·between the parties. In the case at bar, land worth $1,500 or $2,000 was conveyed for a consideration of $800, and the grantors remained in possession exercising all the rights of ownership over it. These, with other facts and circumstances proven, are held sufficient to show that the deed in controversy, though absolute on its face, was really intended as a mortgage.

Appeal from a decree of the Circuit Court of Norfolk county. Decree for the complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Frick & Williams,* for the appellants.

*Frank L. Crocker* and *Jno. W. Happer,* for the appellee.

KEITH, P., delivered the opinion of the court.

In this case the court decreed that a certain deed, absolute upon its face, was a mortgage, that it should be reformed, and upon payment of the debt secured appointed commissioners to convey the title in fee simple to the land in the proceedings mentioned to the appellee, who has succeeded to all the rights of the grantors in the original deed.

In *Bachrach* v. *Bachrach,* 111 Va. 232, 68 S. E. 985, it is said: "A deed, although absolute on its face, may be shown by oral evidence to have been intended as a mortgage; and such evidence is not restricted to cases of fraud, accident or mistake. The presumption, however, is that a deed absolute on its face is what it purports to be, and the oral evidence offered for the purpose of showing that it is a mortgage must be clear and convincing. Whether it is to be regarded as a mortgage depends upon the circumstances under which it was made, and the relations and negotiations between the parties."

The facts of the case before us are as follows: James A. Randolph was seized of two tracts of land in the county of Norfolk, one containing sixty-six acres and the other one hundred and ten acres. His wife owned a tract in that county containing one hundred and fifty acres. On the 17th of December, 1885, Randolph and his wife executed a deed of trust to B. M. Batchelder, trustee, on the one hundred and ten acre tract, to secure a note for three hundred and fifty dollars. Payments on this loan were made for some years, when, from ill health and other causes, Randolph was unable to keep up the payments. In the meantime the taxes on this property owned by Randolph became delinquent for the years 1892, 1893, 1895, 1896, 1897, 1898 and 1899, and application was made for the purchase of the same from the Commonwealth under the statute. Upon being informed of this application, some time in 1900, Mrs. Randolph went to Norfolk county clerk's office and inquired

38

about it, and B. M. Batchelder, trustee in the deed above mentioned, being present, was informed of the condition of affairs, and agreed to pay the taxes and take up the note for $350, Mrs. Randolph agreeing to this proposition. On the 12th day of December, 1900, B. M. Batchelder and his attorney, a notary public, came to complainant's home and brought with them a deed dated the 1st of December, 1900, conveying all of the three tracts of land above mentioned to B. M. Batchelder for the expressed consideration of $807.66. A witness present at the time testifies that she heard Mrs. Randolph ask Mr. Batchelder if he had the deed of trust for her to sign, to which he replied, "Yes, madam." The notary public, on the contrary, testified that he was present and heard no such conversation; and that if he had heard it he would not have certified the acknowledgment without being careful to explain the nature of the transaction to the parties signing the deed.

There is proof that the land, at the time of the sale, was worth not less than $1,500 or $2,000, and that it has greatly increased in value, and at the time of the decree was worth from ten to fifteen thousand dollars. It appears too that the consideration named in the deed is within a few cents of the amount of the debt due under the deed of trust, together with the taxes and interest delinquent upon the land. It further appears that the grantors in the deed have remained in undisturbed possession; that they have exercised all the rights of ownership with respect to it, not only occupying it, but selling timber from it, and offering to sell and negotiating for the sale, with the knowledge of Batchelder, the grantee, of portions of the land. As to one of the three tracts, at the time the deed under consideration was made, Batchelder, the grantee, held the title as trustee, and Randolph, the husband, was shown to have been in very feeble health at the time of the transaction.

The circuit court was of opinion, and so decreed, that the

deed from the Randolphs to Batchelder of the 12th of December, 1900, though absolute upon its face, was intended as a mortgage, and we are of opinion that the evidence is sufficient to sustain that conclusion.    The decree appealed from is affirmed.

*Affirmed.*